IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR18-4073-LTS |
| | ) | |
| vs. | ) | |
| | ) | |
| AARON ROCHESTER, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America hereby files its Sentencing Memorandum.

## I. WITNESSES

The government may call the following witness for brief testimony:

1. Adrienne Ciolli, S/Agent, Environmental Protection Agency (EPA)

## II. EXHIBITS

The government will submit the following exhibits;

1. Photographs of each hazardous waste storage site; and possibly
2. Documentation regarding clean-up costs (inc/ superfund estimates)

## III. INTRODUCTION

Defendant pled guilty, pursuant to a plea agreement, and will be sentenced to two counts of a two-count indictment, Count 1: unlawful storage of hazardous waste, in violation of 42 U.S.C. § 6928(d)(2)(A)(a)(1); and Count 2: unlawful transportation of hazardous waste, in violation of 42 U.S.C. § 6928(d)(1). (PSIR ¶ 1). For each count, defendant faces a maximum sentence of five years imprisonment, a

fine of not more than $50,000 for each day of violation ($29,050,00.00), and a three-year period of supervised release. (PSIR ¶¶ 65, 68).

U.S. Probation scored defendant at a base offense level 8 pursuant to USSG §2Q1.2(a); plus a four-level upward adjustment for cleanup requiring a substantial expenditure pursuant to USSG§ 2Q1.2(b)(3); plus a four-level upward adjustment for the transportation, storage or disposal of hazardous waste without a permit or in violation of a permit, pursuant to USSG§ 2Q1.2(b)(4); minus a three-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1(a) and (b), for ultimately, a total offense level of 13. (PSIR ¶¶ 26-37). U.S. Probation also scored defendant at criminal history category I, with zero criminal history points. (PSIR ¶¶ 39-41). Therefore, defendant's advisory sentencing guideline range was scored at 12 to 18 months' imprisonment. (PSIR ¶ 66). Neither party had any substantive objections to the sentencing guidelines calculations by U.S. Probation. Defendant seeks a downward variance, to which the government may separately respond.

## IV.     SENTENCING FACTORS

The government asserts the following may be considered in any sentencing (including variance) analysis in this case. Defendant is 47 years old, married, with one dependent child and two adult children, and has a good family background. (PSIR ¶¶ 46-50). Defendant is in fair health, but reported certain physical health

2

conditions including sleep apnea, mixed hyperlipidemia, and obesity. (PSIR ¶ 51). Defendant reported no history of mental or emotional health issues. (PSIR ¶ 52). Defendant has no real substance abuse issues, reported just social drinking and no need for treatment. (PSIR ¶ 53). Defendant graduated from Sioux City West high school in 1992, has an unverified history of attending Western Iowa Tech Community College, in Sioux City, Iowa, for an uncompleted, emergency medical technician certification, and expressed no interest in BOP vocational training programs. (PSIR ¶¶ 54-56). Defendant has had a steady employment record over the last 18 years, primarily in business fields, with sporadic or limited income throughout, including a four-year term on the Sioux City, City Council. (PSIR ¶¶ 57-58, 60).

Defendant has no criminal record until this offense. (PSIR ¶¶ 41-47). Defendant's offense conduct involves his, either personally, or through his business (Recycletronics) actions, unlawful storage and transportation of numerous tons hazardous waste, namely, leaded glass over the course of several years, including the unlawful storage of such hazardous waste at several sites throughout the Siouxland area. (PSIR ¶¶ 6-23; potential testimony of Agent Ciolli). Defendant's offense conduct included the receipt of used/abandoned electronics equipment, often old computers or televisions, which often contained cathode ray tube (CRT) displays, which contained leaded glass. (Id.). And defendant, personally or through his

3

business, received money for the receipt of used/abandoned electronic equipment, particularly the electronic equipment which contained the CRTs with leaded glass, and was also able to strip out certain material, like certain metals and other materials and obtain money for such scrap materials. (Id.). However, the processing and removal of the leaded glass, both locally and more significantly, it's transport and receipt elsewhere, was a cost, in large part due to its toxic, chemical nature. (Id.). And at some early point in his business operation, defendant found the cost of appropriate processing and removal of the leaded glass financially impractical, if prohibitive. (Id.). However, in addition to the storage of this leaded glass material, defendant continued for some time, to receive such leaded glass, toxic waste, and reap the income therefrom for some time, without bearing the cost of its processing and removal. (Id.). Therefore, except on just a few occasions when a small amount of the leaded glass was removed/shipped out for appropriate handling, defendant and/or his business accumulated, stored, and often transported the leaded glass, and electronic equipment containing leaded glass, from local location to location, without proper transportation or storage procedures. (Id).

And the costs, already incurred, and estimated for the future, for the clean-up of the accumulated leaded glass, is substantial, in excess of $ 4 million dollars. (Id.). And little, to no restitution has been, or ever will be paid by the defendant or his business.

## V. CONCLUSION

The evidence in this case establishes defendant at an advisory sentencing guideline range of 12 to 18 months' imprisonment and supports a sentence at or about this sentencing range, including the service of a term of imprisonment.

Respectfully submitted,

SEAN R. BERRY
Acting United States Attorney

By: /s/ *Shawn S. Wehde*

SHAWN S. WEHDE
Assistant United States Attorney
600 4th Street, Ste. 670
Sioux City, IA   51101
(712) 255-6011 / (712) 252-2034 (fax)

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, on November 1, 2021.

UNITED STATES ATTORNEY

BY:   s/ Shawn S. Wehde